FILED '09 JUL 06 14:42 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN ARTHUR FLUGER,

        Petitioner,        Civil No. 09-338-TC

        v.        FINDINGS AND RECOMMENDATION

GARY KILMER,,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment of Conviction, dated January 13, 2006, after convictions for Stalking and Violation of Court Stalking Order.

    Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

    On January 27, 2009, petitioner filed a petition for post-conviction relief in Marion County Circuit Court Case No. 09C-11126.    See, Respondent's Motion to Dismiss (#6)

1 - FINDINGS AND RECOMMENDATION

Attachment B.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 on April 1, 2009.

Respondent has filed a Motion to Dismiss without prejudice (#6).

28 U.S.C. § 2254(b)(1) requires petitioner to exhaust state remedies to all claims alleged in a 2254 petition. The essence of the exhaustion requirement is that no state remedies are available when the § 2254 petition is filed. <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). If any of a petitioner''s claims are not exhausted at the time the federal habeas petition is filed, the district court should dismiss the petition. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1993). The appropriate time to determine whether claims are exhausted is the date the petitioner files his federal petition. <u>Brown v. Maass</u>, 11 F.3d 914, 915 (9th Cir. 1993). If an available state remedy still exists when a federal petition is filed, the proper course is to dismiss without prejudice. <u>Id.</u>

As noted above, petitioner filed his petition in this proceeding on April 1, 2009 at which time his state post-conviction proceeding was pending.[1] Accordingly, petition has not exhausted state remedies and his 28 U.S.C. § 2254 petition

---

[1] The state PCR action is presumably *still* pending. I note that ordinarily when a state court proceeding is pending at the time a federal petition is filed and the state proceeding is subsequently concluded, it is practice of the Oregon Department of Justice to move to dismiss and "deem" the federal petition re-filed as of the date of the judgment of dismissal of the state proceeding.

2 - FINDINGS AND RECOMMENDATION

in this case (#1) should be dismissed without prejudice. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 6 day of July, 2009.

Thomas M. Coffin
United States Magistrate Judge

3 - FINDINGS AND RECOMMENDATION